A. C. BARNETT, PLAINTIFF IN ERROR, vs. J. B. TOGNI, DEFENDANT IN ERROR.

1. An order of the Circuit Judge refusing to allow a supersedeas upon an appeal from the County Judge in a case at law, is not a final judgment from which an appeal, or writ of error, will lie.

2. *Semble :* There is no provision of the Constitution or statutes authorizing a review in the Supreme Court, by appeal or writ of error, of a determination by the Circuit Court upon an appeal from a judgment of the County Judge in proceedings before him, relating to the unlawful detention of lands and tenements.

Writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*A. A. Knight* for Plaintiff in Error.

THE CHIEF-JUSTICE delivered the opinion of the court.

This is a writ of error to the Circuit Court for Duval county. The papers before this court, and which constitute the record, consist, *first*, of a petition of plaintiff in error addressed to the circuit judge, alleging that he had been summoned before the county judge, under the act of February 24, 1875, relating to proceedings against delinquent tenants, and had been tried, and judgment had been rendered against him by the county judge, from which judgment he had appealed, but the county judge refused to entertain the appeal and to allow a supersedeas ; wherefore he presents his petition to the circuit judge praying that a writ of supersedeas be allowed ; and, *second*, an order signed by the circuit judge denying the petition on the ground that an appeal does not lie in such case ; and this is entered of record.

This writ of error is prosecuted upon this determination of the circuit court, to reverse it.

Two difficulties seem to stare us in the face at the outset. The constitutional power of this court is limited to " appellate jurisdiction in all cases at law and in equity commenced in circuit courts," and " appeals from the circuit court in cases arising in the county court as a court of probate, and in the management of the estates of infants, and in criminal cases commeuced in the circuit court," and to certain original writs. Const. Art. VI. Sec. 5.

The first difficulty is that there is no judgment of the circuit court in any case " commenced in the circuit court" or elsewhere, the only determination in the matter being a refusal to allow a supersedeas upon an appeal from the county judge. The circuit judge merely declines to act and renders no judgment in the proceedings sought to be brought before him ; and as there is no final judgment, there is nothing to appeal from, or to which a writ of error will lie under the statute regulating appeals and writs of error ; and second, (it is deemed proper to add,) had there been a judgment of the circuit court in the case upon the appeal, either upon a review or a dismissal of the appeal, it must have been final so far as the power of review of this court is concerned.

The county judges have such jurisdiction relating to the "unlawful detention of lands and tenements, subject to the appellete jurisdiction of the circuit court, as may be provided by law ;" but there is no provision in the constitution or statutes authorizing a review of these proceedings by this court by writ of error or appeal.

The writ of error is therefore dismissed.